UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **FOREST RIVER, INC.,** <br> 900 County Road 1 North <br> Elkhart, Indiana 46514 <br><br> **Plaintiff,** <br> v. <br><br> **SHARPLINE CONVERTING, INC.** <br> c/o Jack Snyder, CEO <br> 1520 S. Tyler Road <br> Wichita, KS 67209 <br><br> **Defendant.** | Civil Action No.: 3:24-cv-541 <br><br> Judge: <br><br> **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff Forest River, Inc. ("Forest River") states the following for its cause of action against Defendant Sharpline Converting, Inc. ("Sharpline"):

### PARTIES, JURISDICTION, AND VENUE

1. Forest River is an Indiana corporation with its principal place of business in Elkhart, Indiana.

2. On information and belief, Sharpline is a Kansas corporation with its principal place of business in Wichita, Kansas. Sharpline also has a significant business presence in the state of Indiana, having an address at 800 County Road 15, Elkhart, Indiana.

3. This Court has subject matter jurisdiction over this case and controversy under 28 U.S.C. §§ 1331 and 1338 because the action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* The Court also has subject matter jurisdiction over this case and controversy under 28 U.S.C. §§ 1332 because Forest River and Sharpline are each citizens of different states and the amount in controversy, as described below, exceeds $75,000.

4. This Court has supplemental jurisdiction to hear the state statutory and common law claims of Forest River pursuant to 28 U.S.C. § 1367(a). These state and common law claims are so related to the Lanham Act claim that they form part of the same case or controversy under Article III of the United States Constitution and, moreover, are derived from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Sharpline under at least sections (A)(1)-(5) of Ind. Trial R. 4.4.

   a. As stated above, Sharpline maintains a significant business presence in Indiana, owning a manufacturing facility in Elkhart, Indiana. Sharpline conducts business in this state, including the production, design and manufacturing of products sold and branding services provided to non-party inTech Trailers, Inc. ("inTech") that gave rise to Forest River's trademark infringement claims against inTech in the United States District Court for the Northern District of Indiana, as set forth in Case No. 3:21-cv-00645-DRL (the "inTech Lawsuit").

   b. Sharpline caused injury to Forest River in Indiana through its manufacturing, design, and sale of products and through the design, manufacturing, and branding services it provided to inTech.

   c. Sharpline, as a Kansas corporation having an address in Kansas, caused injury to Forst River in Indiana by regularly selling products in Indiana and providing design, manufacturing, and branding services to Forest River and inTech in Indiana, through which it derived substantial revenue.

6. Venue is proper in this Court under at least 18 U.S.C. §1391(b)(2)-(3). A substantial part of the events or omissions giving rise to Forest River's claims occurred within this judicial district and division. This Court also has personal jurisdiction over Sharpline.

**FACTUAL BACKGROUND**

**Forest River's Use and Ownership of the DELLA TERRA and Forest River Mountain Design Marks**

7. Forest River was founded in 1996 with the vision to help customers better enjoy the outdoors by designing RVs meeting their needs. Over the last three decades, this vision has become a reality and Forest River is now one of the largest manufacturers of RVs throughout North America, producing a wide range of high-quality RVs, cargo trailers, utility trailers, pontoon boats, buses and other products. Forest River showcases and sells its RVs and other products throughout the United States and internationally.

8. Forest River's name, brands, and trademarks—including the "Forest River Marks" defined below—have developed significant goodwill and commercial value as a result of Forest River's promotion, advertising, and marketing and high volume of sales of its products. This has, in turn, resulted in the public's widespread knowledge of Forest River's high-quality RVs and other products.

9. Since 2018, Forest River has promoted, advertised, marketed, and sold DELLA TERRA brand travel trailers through East to West, one of its unincorporated subdivisions ("E2W"). DELLA TERRA, along with E2W's signature mountain design (the "Forest River Mountain Design"), are herein referred to as the Forest River Marks.

10. Forest River promotes, advertises, markets, and sells its DELLA TERRA-brand travel trailers, sometimes in combination with some of its other marks, including the "Forest River Mountain Design," as shown below:



11.     Forest River uses the Forest River Mountain Design in connection with the sale, promotion, and advertisement of all of E2W's RV brands, including the DELLA TERRA brand as depicted above.

12.     Forest River has expended substantial time and money to market, advertise, and promote the DELLA TERRA-brand travel trailers and its other products bearing the Forest River Mountain Design, including the expenditure of more than a million dollars for manufacturing graphics packages depicting the Forest River Marks.

13.     Forest River has attained significant and valuable goodwill in the Forest River Marks through the quality and nature of the DELLA TERRA travel trailers; other products sold under the Forest River Mountain Design; as well as through extensive sales, promoting, advertising, and marketing under the Forest River Marks, across the United States and internationally.

14. Forest River owns distinctive, valid, and subsisting nationwide common law rights to the Forest River Marks as a result of its widespread and continuous use of the Forest River Marks.

15. Forest River is also the owner of a valid and subsisting United States Trademark registration for DELLA TERRA on the United States Patent and Trademark Office's (USPTO) Principal Register, Registration No. 7,357,886. A true and accurate copy of the Certificate of Registration is attached as *Exhibit A*. Forever River is also the owner of valid and subsisting State of Indiana registration for DELLA TERRA, Reg. No. 2021000026640. A true and accurate copy of the Certificate of Registration is attached hereto as *Exhibit B*.

16. Forest River is also the owner of a valid and subsisting registration for the Forest River Mountain Design on the USPTO's Principal Register, Registration No. 6511442. A true and accurate copy of the Registration is attached as *Exhibit C*. The Forest River Mountain Design has also been registered in the State of Indiana, Reg. No. 2021000026648. A true and accurate copy of the Certificate of Registration is attached hereto as *Exhibit D*.

### inTech's Infringing Use of TERRA

17. inTech is one of Forest River's direct competitors in the recreational vehicle industry, including in the sale of travel trailers. inTech began using the word "Terra" to brand a new line of travel trailers on or around November 2020.

18. inTech's use of "Terra" and Forest River's DELLA TERRA mark are depicted below:

**Forest River's Use**               **inTech's Use**



19. inTech also began using a new mountain design (the "new mountain design") to further brand its Terra travel trailers, as part of its new "Terra" RV promotional and advertising campaign.

20. inTech's mountain design (the "new mountain design") and the Forest River Mountain Design are depicted below:

**Forest River's Use**                    **inTech's Use**

            

21. A comparison of the outlines of the parties' respective mountain designs are below:

**The Forest River Mountain Design**        **inTech's Mountain Design**

            

22. inTech and Forest River operate within the exact same industry and use their respective marks to market, advertise, and promote the exact same category of goods—travel trailer RVs.

23. inTech and Forest River each sell their products throughout the United States and each sells their products through RV dealerships.

24. inTech and Forest River market, advertise, and promote their products through many of the same media outlets, including in some of the same RV print media, social media, tradeshows, and through some of the same RV dealers.

25. inTech and Forest River market, advertise, and promote their travel trailers to the same end-consumers.

26. inTech's "Terra" mark was confusingly similar to DELLA TERRA and inTech's mountain design was confusingly similar to the Forest River Mountain Design. inTech's use of "Terra" and its new mountain design in combination was also confusingly similar to a combined mark comprising the Forest River Marks. By using "Terra" and its new mountain design, inTech traded off of the goodwill that Forest River had built in the Forest River Marks.

27. inTech's infringements caused confusion in the RV industry and consumers in violation of the Lanham Act, Indiana state law, and common law.

## THE JURY VERDICT IN CASE NO. 3:21-cv-00645-DRL

28. On August 31, 2021, Forest River filed a lawsuit against inTech in the United States District Court for the Northern District of Indiana, Case No. 3:21-cv-00645-DRL (the "inTech Lawsuit") for trademark infringement of the Forest River Marks, under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, Indiana Code § 24-2-1-13, and under common law. [E.C.F. No. 1; Amended Complaint, E.C.F. 25].

29. On March 5, 2024, a jury found inTech liable for trademark infringement of the Forest River Marks and awarded Forest River $2,000,000 in damages as a result of inTech's infringing activities. [E.C.F. No. 159]. The Court in the inTech Lawsuit also issued a permanent injunction against inTech, permanently enjoining it from use of its infringing marks, among other requirements. [E.C.F. No. 167, amended at E.C.F. No. 172].

30. The jury also found that inTech *willfully and intentionally* infringed the Forest River Marks. Forest River has moved the Court in the inTech Lawsuit for attorney fees, enhanced damages, prejudgment interest, and costs pursuant to 15 U.S.C. § 1117.

## SHARPLINE'S WILLFUL AND INTENTIONAL CONTRIBUTION TO INTECH'S DIRECT INFRINGEMENT

31. Sharpline willfully and knowingly contributed to inTech's infringing activities or, at the very least, was willfully blind to inTech's infringements while it was designing, creating, and manufacturing the "Terra" and new mountain design graphics for inTech's infringing Terra Travel trailers.

32. Sharpline exercised significant control over the infringing activities of inTech because Sharpline actively participated in the design, creation, and manufacturing of infringing graphics used on "Terra" travel trailers. As a result, Sharpline is jointly and severally liable for that infringement.

33. Beginning on or around 2018, E2W's General Manager, Lisa Rees, contracted with Sharpline to help design and manufacture graphics and other promotional materials for its DELLA TERRA travel trailers. These graphics and promotional materials depicted the Forest River Marks, which E2W used to market, advertise, and promote its DELLA TERRA travel trailers.

34. E2W's contact person at Sharpline was Nick Briggs ("Briggs"), a high school classmate of Rees. Briggs helped design and proposed the font for the DELLA TERRA and also helped design the combined DELLA TERRA and Forest River Mountain Design mark. At all times, Sharpline has had actual knowledge of Forest River's DELLA TERRA mark and the Forest River Mountain Design as a result of working with E2W and Rees.

35. Since the beginning of 2018 and until 2023, Sharpline had been manufacturing and selling DELLA TERRA graphic packages to Forest River which included the Forest River Marks, for use with each DELLA TERRA-brand travel trailer sold. Sharpline also manufactured and sold additional graphic packages to Forest River that included the Forest River Mountain Design, for use in graphics used in connection with the sale of other E2W brands.

8

36. Beginning in 2020 and throughout that year, Sharpline and Briggs, with actual knowledge of the Forest River Marks, created the font of inTech's infringing "Terra" mark. Sharpline and Briggs also collaborated with inTech in connection with inTech's selection of its new mountain design. Sharpline and Briggs also assisted inTech in the creation of graphics including the "sub-brand" name OASIS—a prior Forest River trademark— for use in conjunction with the sale of "Terra" RVs.

37. Sharpline then began mass-producing graphics and promotional material depicting the infringing "Terra" mark and the infringing new mountain design, for use with the sale of inTech's TERRA travel trailers. Sharpline has produced and sold these infringing graphics to inTech since 2020 and, since that time, inTech has used Sharpline's infringing graphics to brand and sell its Terra travel trailers.

38. Upon information and belief, Sharpline continued to sell these infringing graphics to inTech up to the date that the jury in the inTech Lawsuit found inTech liable for willfully and intentionally infringing on the Forest River Marks.

39. Sharpline has known or should have known of inTech's infringements of the Forest River Marks because:

   a. Briggs had personal and, sometimes, daily interactions with both E2W and inTech. Briggs had intimate knowledge regarding both the Forest River Marks and the infringing uses of inTech's marks, being involved in their creation and production.

   b. Within months of the first shipment of "Terra" travel trailers in late 2020, Sharpline became aware that Forest River had demanded inTech's removal of the sub-brand name OASIS from "Terra" travel trailers because that name ("OASIS") belonged

9

        to a prior Forest River brand of RVs. Sharpline was told of Forest River's demands by inTech.

c. Sharpline also became aware of Forest River's demands that inTech cease its uses of "Terra" and the new mountain design no later than at some point in 2021, when Briggs discussed the inTech Lawsuit with inTech part-owner Scott Tuttle and inTech's head of sales, Keith Fishburn.

d. On or around February 23, 2022, Forest River subpoenaed Sharpline in the inTech Lawsuit, seeking production of documents relating to Forest River's claims of infringement in the inTech Lawsuit and relating to inTech's use of "Terra" and new mountain design. Sharpline produced documents in response to the subpoena.

e. On December 6, 2022, Forest River deposed Briggs as part of the inTech Lawsuit. Upon information and belief, Briggs' counsel was hired by Sharpline. Briggs discussed his upcoming deposition with Sharpline's CEO, Jack Snyder; Sharpline's President, Steve Calvert; and another Sharpline employee, Donny Dykstra. Further, counsel for Sharpline was also informed and provided notice of the deposition.

40. During his deposition in the inTech Lawsuit, Briggs admitted that Sharpline designed, manufactured, and supplied inTech with the graphics depicting the infringing marks, for use with the marketing, advertising, and promotion of inTech's infringing Terra travel trailers. Briggs admitted that he did so at the *same time* he was also working with and supplying E2W with graphics and services for the Forest River Marks.

41. Briggs also admitted that he was Sharpline's main point of contact for *both* Forest River and inTech when Sharpline provided inTech with infringing graphics, sometimes meeting with both inTech and Forest River on the *very same day*.

10

42. Despite this, Briggs never informed E2W about his assistance in the design and creation of inTech's graphics for its infringing "Terra" branded travel trailers prior to the filing of the inTech Lawsuit.

43. Forest River instead only learned of Sharpline's provision of design and graphic supply services to inTech through the discovery phase of the inTech Lawsuit.

44. E2W would not have continued to purchase graphics for its products from Sharpline had it known about Sharpline's intimate involvement in the design, manufacturing, and sale of infringing graphics to inTech. Not knowing Sharpline's contributions to inTech's infringing activities, E2W continued to do business with Briggs and Sharpline into 2022.

45. After learning the extent of Sharpline's involvement and contribution to the infringing activities of inTech, E2W discontinued its business relationship with Sharpline in 2023.

46. During his deposition, Briggs further admitted that he sometimes warned Sharpline customers when proposed marks may be infringing the marks of a third party. Yet, Briggs failed to warn inTech about use of "Terra" or the new mountain design, even though those marks were confusingly similar to DELLA TERRA and the Forest River Mountain Design.

47. As stated above, Sharpline also failed to inform Forest River that it was the manufacturer of inTech's graphics for its infringing "Terra" travel trailers. Briggs and Sharpline instead decided to conceal this information, so that Sharpline could continue to profit from the sale of infringing graphics *and* from the sale of graphics for DELLA TERRA and other E2W travel trailers. Sharpline sold graphics for *both* the Forest River Marks and inTech's infringing marks from mid-2020 until on or around September of 2023, when E2W ceased purchasing its graphics from Sharpline after learning about the extent of Sharpline's infringing activities.

48. At all times, Sharpline had direct control over its ability to sell graphics and services to inTech and could have ceased those activities or otherwise demanded that inTech stop its sale of infringing travel trailers. It did not.

49. Sharpline elected to continue its contributions to inTech's infringement by continuing to sell infringing graphics to inTech.

50. Sharpline knowingly and intentionally chose to continue to profit from its sales to inTech and to continue contributing to inTech's infringing conduct up to and through the jury's finding of willful trademark infringement against inTech in the inTech Lawsuit.

## COUNT I

### Contributory Trademark Infringement (15 U.S.C. §§ 1114(1)(A) and 1125(a)(1)(A), Indiana Code § 24-2-1-13, and under common law)

51. Forest River incorporates by reference and re-alleges the allegations contained in the above paragraphs as if fully and separately set forth in this count.

52. Forest River owns all rights, title and interest in and to the Forest River Marks, the federal and state registrations to those marks, and under common law, as already determined in the inTech Lawsuit.

53. The jury in the inTech Lawsuit unanimously found that inTech's unauthorized use in commerce of "Terra" and its new mountain design constituted direct trademark infringement under 15 U.S.C. §§ 1114(1)(A), 1125(a)(1)(A), Indiana Code § 24-2-1-13, and common law. That jury verdict has since been entered as a final judgment against inTech (*see* E.C.F. No. 168, inTech Lawsuit). The jury also found inTech liable for willful trademark infringement.

54. Sharpline willfully, intentionally, and knowingly contributed to inTech's direct trademark infringement and is jointly and severally liable for that infringement.

12

55. Sharpline knew about and contributed to inTech's infringing activities. Briggs sold graphics and provided branding services to both Forest River and its division, E2W, and inTech in the course and scope of his duties with Sharpline. Sharpline had actual knowledge of both Forest River's and inTech's marks.

56. Sharpline not only had actual knowledge of inTech's infringing "Terra" and mountain design marks, it willfully and intentionally helped create and facilitated inTech's use of them. In so doing, Sharpline both willfully and intentionally contributed to and induced inTech to infringe the Forest River Marks.

57. Sharpline continued to supply infringing graphics and services to inTech even after it knew or had reason to know about inTech's direct trademark infringement.

58. Forest River notified Sharpline and its counsel of inTech's trademark infringement, Sharpline's contributions to that infringement, and the inTech Lawsuit. Sharpline had direct control over its own ability to cease manufacturing and selling the infringing "Terra" and new mountain design graphics and to cease its infringing branding services. Sharpline instead continued to supply and profit from those infringing graphics and branding services.

59. A jury has determined that there is a likelihood of confusion between the Forest River Marks and inTech's infringing "Terra" mark and new mountain design. That jury weighed the likelihood of confusion between the Forest River Marks and inTech's marks and unanimously found inTech liable for willful trademark infringement.

60. Sharpline is now jointly and severally liable with inTech for trademark infringement as a result of its supplying the infringing graphics to inTech and providing branding services related to inTech's decision to use "Terra" and the new mountain design. Sharpline's contributory infringement is also willful and intentional because, at all times, Sharpline knew about

inTech's infringing activities and the Forest River Marks. Despite this knowledge, Sharpline continued to supply the infringing graphics and its related branding services and aided inTech in furthering its infringement.

61. Sharpline reaped the benefit of consumer association of inTech, its marks, and its "Terra" travel trailers with Forest River, the Forest River Marks, and the DELLA TERRA travel trailers. Sharpline's sales of and profit from the infringing graphics sold to inTech necessarily increased as sales of infringing "Terra" RVs increased and continued.

62. Sharpline also reaped the benefit of concealing its business with inTech from E2W and Forest River. Sharpline continued to profit from providing graphics for the Forest River Marks as long as it could while, at the same time, manufacturing and selling infringing graphics to inTech and concealing this fact from E2W and Forest River.

63. inTech's conduct constituted a knowing, deliberate and willful infringement of the Forest River Marks, making it an exceptional case under 15 U.S.C. § 1117(a).

64. Sharpline's contributions to inTech's knowing, willful, and intentional infringement of the Forest River Marks irreparably harmed Forest River, for which Forest River had no adequate remedy at law, as determined in the inTech Lawsuit.

65. Forest River is entitled to, among other relief, injunctive relief; an award of actual damages; Sharpline's profits from both sales to Forest River and to inTech; enhanced damages and profits; reasonable attorney's fees; costs of this action; and prejudgment and post-judgment interest. As a contributory infringer, Sharpline is jointly and severally liable with inTech for all damages, attorney's fees, costs, pre-judgment and post-judgment interest, enhanced damages, and other relief awarded to Forest River by way of the inTech Lawsuit.

**WHEREFORE**, Forest River respectfully requests that this Court enter judgment in its favor and against Sharpline for contributory trademark infringement and the following relief:

A. Actual damages in an amount to be determined at trial;

B. inTech's profits from its sale of the infringing graphics and branding services to: (i) inTech; and, (ii) Forest River, for the time period it concealed its providing infringing graphics and branding services to inTech;

C. Damages in the amount of corrective advertising costs;

D. Treble and/or punitive damages against Sharpline, based upon its intentional, willful, knowing, and exceptional infringement.

E. All available statutory damages;

F. Costs and reasonable attorneys' fees in this action as authorized under applicable laws, including but not limited to, 15 U.S.C. §1117;

G. Pre- and post-judgment interest at the maximum legal rate and costs;

H. A permanent injunction specifically enjoining Sharpline, and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies, corporations, partnerships, and all of its current and future officers, owners, shareholders, directors, employees, agents, representatives, and those acting in privity or concert with them, or on their behalf from:

> i. Displaying, distributing, offering, disseminating, selling, or manufacturing any products, documents, or other materials using (i) "Terra"; (ii) inTech's new mountain design; and/or (iii) a combination of "Terra" and its mountain design;

   ii. Causing the display, distribution, offer, dissemination, sale, or manufacture of any materials using any and all of (i) "Terra"; (ii) the new mountain design; and/or (iii) a combination of "Terra" and its mountain design;

I. Directing that Sharpline recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing: (i) "Terra"; (ii) its new mountain design, and/or, (iii) a combination of those marks;

J. Directing Sharpline to provide an accounting of all sales relating to the creation, manufacturing, or sale of products or services relating to: (i) "Terra"; (ii) the new mountain design; and/or, (iii) a combination of those marks; and (iv) the Forest River Marks, both separate and in combination.

K. Granting Forest River other relief that may be just and warranted under the circumstances.

## JURY TRIAL DEMAND

Forest River hereby demands a trial by jury to the extent authorized by law.

        Respectfully submitted,

        *s/ Philip R. Bautista*
        Philip R. Bautista (Ohio Bar No. 0073272)
        pbautista@taftlaw.com
        JoZeff W. Gebolys (Ohio Bar No.0093507)
        (*pro hac vice forthcoming*)
        jgebolys@taftlaw.com
        TAFT STETTINIUS & HOLLISTER LLP
        200 Public Square, Suite 3500
        Cleveland, Ohio 44114
        Phone: (216) 241-2838
        Fax: (216) 241-3707

        Michael C. Terrell (Indiana Atty. No. 2124-49)
        mterrell@taftlaw.com
        Tracy N. Betz (Indiana Atty. No. 24800-53)
        tbetz@taftlaw.com

        TAFT STETTINIUS & HOLLISTER LLP
        One Indiana Square, Suite 3500
        Indianapolis, Indiana 46204
        Phone: (317) 713-3544
        Fax: (317) 715-4535
        *Counsel for Plaintiff, Forest River, Inc.*